UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT L. HARRINGTON,

    Petitioner,

v.

Case No. 17-cv-10385
Honorable Linda V. Parker

BONITA HOFFNER,

    Respondent.
_____/

# OPINION & ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, & DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

## I. Introduction

Michigan prisoner Robert L. Harrington ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner is challenging his conviction, following a jury trial in the Circuit Court for Jackson County, Michigan, of assault with intent to murder in violation of Michigan Compiled Laws § 750.83. In 1986, the trial court sentenced Petitioner as a second habitual offender under Michigan Compiled Laws § 769.10 to 20 to 40 years

1

imprisonment.[1]  In support of his request for habeas relief, Petitioner challenges the state court's jurisdiction and asserts that the authorities lacked probable cause to arrest him in violation of the Fourth Amendment, that the criminal complaint lacked specificity in violation of the Fifth Amendment, and that such deficiencies also denied him due process and equal protection in violation of the Fourteenth Amendment.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243.  If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.; Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions raising legally frivolous claims, as well as those

---

[1]Petitioner also is serving lengthy terms of imprisonment on convictions for second-degree murder, five counts of assault with intent to commit murder, burning other real property, and felony firearm, which were imposed following a bench trial in the Wayne County Circuit Court.  *See* Offender Profile, Michigan Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=171675.

containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

## II. Discussion

As an initial matter, Petitioner seems to assert generally that he is entitled to habeas relief due to state court jurisdictional defects. Petitioner challenged the state trial court's jurisdiction on post-conviction review in the state courts. The state trial court rejected the claim, concluding that Petitioner failed to support it with any relevant evidence. Order, *Harrington v. Klee*, No. 16-5554 (Mich. Cir. Ct. April 19, 2016) (unpublished); (ECF No. 1 at Pg Id 19-20).

Petitioner is not entitled to federal habeas relief on any such claim. The determination of whether a particular state court is vested with jurisdiction under state law and is the proper venue to hear a criminal case is a "function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976); *see also Hamby-Bey v. Bergh*, No. 08-cv-13284, 2008 WL 3286227, at *2 (E.D. Mich. Aug. 7, 2008) (Battani, J.); *Chandler v. Curtis*, No. 05-cv-72608, 2005 WL 1640083, at *2 (E.D. Mich. July 13, 2005) (Cohn, J.); *Groke v. Trombley*, No. 01-cv-10045, 2003 WL 1798109, *5 (E.D. Mich. April 1, 2003) (Lawson, J.); *accord Wright v. Angelone*, 151 F.3d 151, 157-58 (4th Cir. 1998); *Rhode v. Olk-Long*, 84 F.3d 284, 287 (8th Cir. 1996). A perceived violation of state law does not provide a basis for federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-

3

68 (1991). A state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review. *Strunk v. Martin*, 27 F. App'x 473, 475 (6th Cir. 2001).

Petitioner thus fails to state a claim upon which habeas relief may be granted as to this issue.

Petitioner also asserts that he is entitled to habeas relief because the authorities arrested him without probable cause in violation of the Fourth Amendment. Federal courts will not address a Fourth Amendment claim on habeas review, however, if the petitioner had a full and fair opportunity to litigate the claim in state court and the presentation of the claim was not thwarted by any failure of the state's corrective processes. *See Stone v. Powell*, 428 U.S. 465, 494-95 (1976). "All that *Stone v. Powell* requires is an 'opportunity' for full and fair consideration of the claim for suppression; it is up to the claimant and his counsel to decide what use, if any, is to be made of the opportunity." *Jennings v. Rees*, 800 F.2d 72, 77 (6th Cir. 1986). A court must perform two distinct inquiries when determining whether a petitioner may raise an illegal arrest claim in a habeas action. First, the "court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a Fourth Amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Machacek v. Hofbauer*, 213

F.3d 947, 952 (6th Cir. 2000) (quoting *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982)).

Michigan has a procedural mechanism presenting "an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim." *Robinson v. Jackson*, 366 F. Supp. 2d 524, 527 (E.D. Mich. 2005). This procedural mechanism is a motion to suppress, ordinarily filed before trial. *See People v. Ferguson*, 135 N.W.2d 357, 358-59 (Mich. 1965) (describing the availability of a pre-trial motion to suppress); *see also People v. Harris*, 291 N.W.2d 97, 99 (Mich. Ct. App. 1980) (analyzing the legality of a warrantless search, seizure, and arrest even though raised for the first time on appeal). Consequently, Petitioner is entitled to relief on this claim only if he shows that he was prevented from litigating the Fourth Amendment issue by a failure of Michigan's procedural mechanism.

Petitioner makes no such showing. He neither alleges nor establishes that he was precluded from challenging his arrest at the time of trial, on appeal, or on collateral review. In fact, Petitioner states that he raised this issue in a state court motion for relief from judgment and in a state habeas action, but was denied relief. The Michigan courts thus were aware of Petitioner's Fourth Amendment claim and he received all the process he was due. His Fourth Amendment claim is not cognizable on federal habeas review pursuant to *Stone v. Powell* and must be dismissed.

Petitioner next asserts that he is entitled to habeas relief because the criminal complaint against him lacked specificity in violation of the Fifth Amendment. A criminal defendant has a due process right to be informed of the nature of the accusations against him. *Lucas v. O'Dea*, 179 F.3d 412, 417 (6th Cir. 1999). Notice and opportunity to defend against criminal charges as guaranteed by the Sixth Amendment are an integral part of the due process protected by the Fourteenth Amendment and therefore apply to state prosecutions. *Cole v. Arkansas,* 333 U.S. 196, 201 (1948); *In Re Oliver,* 333 U.S. 257, 273 (1948). "The due process clause of the Fourteenth Amendment mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense." *Olsen v. McFaul,* 843 F.2d 918, 930 (6th Cir. 1988). A complaint or indictment need not be perfect under state law provided it informs the defendant of the crime in sufficient detail to enable him to prepare a defense. A complaint "which fairly but imperfectly informs the accused of the offense for which he is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings." *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986); *see also Dell v. Straub,* 194 F. Supp. 2d 629, 653-54 (E.D. Mich. 2002).

Petitioner's assertion that he was not sufficiently notified of the charge against him is belied by his own pleadings. Petitioner's criminal complaint,

6

submitted with his petition, provides the name of the complainant (David Huggett, a Sergeant at the State Prison of Southern Michigan), the date and location of the alleged offense (May 12, 1985 in Blackman Township), the nature of the charge (assault with intent to murder), and the alleged victim (David Huggett). Such information was sufficient to notify Petitioner of the charge against him and to allow him to defend against that charge. Petitioner fails to demonstrate a due process violation.

Lastly, Petitioner asserts that he is entitled to habeas relief because the alleged deficiencies in the arrest warrant and criminal complaint also deprived him of due process and equal protection in violation of the Fourteenth Amendment. As an initial matter, when a specific constitutional provision covers a claim, such as the Fourth or Sixth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process guaranteed by the Fourteenth Amendment. *Graham v. Connor*, 490 U.S. 386, 394 (1989); *United States v. Lanier*, 520 U.S. 259, 272 n. 7 (1997) (citing *Graham*). Thus, the Court's prior analysis governs Petitioner's due process claims. Moreover, the record before the Court indicates that Petitioner received all the process he was due as a matter of federal law.

As to equal protection, Petitioner fails to support any such claim. To state an equal protection claim, a habeas petitioner must show that he was intentionally

7

treated differently from other similarly situated people and that there is no rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *City of Cleburne v. Cleburne Living Ctr. Inc.*, 473 U.S. 432, 439 (1985). In this case, Petitioner fails to allege any facts showing he was treated differently than a person similarly situated to him. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *See Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify habeas relief); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001) (conclusory allegations that federal prisoner's equal protection rights were violated did not justify relief). Petitioner fails to state an equal protection claim in his pleadings. His habeas petition must therefore be dismissed.

## III. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims and his petition must be dismissed.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas claim on the merits, the substantial showing threshold is met

if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Such is not the case here. Petitioner fails to make a substantial showing of the denial of a constitutional right as to his claims. A certificate of appealability is not warranted. The Court further concludes that Petitioner should not be granted leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

Accordingly,

**IT IS ORDERED** that petition for a writ of habeas corpus is **DENIED WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** a certificate of appealability and leave to proceed in forma pauperis on appeal.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 25, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 25, 2017, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager